IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

JOHN DANIEL FAILS,

Petitioner,

vs.

BOARD OF PARDONS AND
PAROLE; JIM SALMONSEN;
ATTORNEY GENERAL OF THE
STATE OF MONTANA,

Respondents.

Cause No. CV 21-94-H-BMM-KLD

FINDINGS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

On December 17, 2021, state pro se petitioner John Daniel Fails filed an

application under 28 U.S.C. § 2254, seeking habeas corpus relief.  (Doc. 1 at 8.)[1]

The Court is required to screen all actions brought by prisoners who seek

relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254

---

[1] Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is]
delivered to the prison authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S.
266, 276 (1988).

1

Cases.   Because Mr. Fails' claims are unexhausted, his petition should be dismissed without prejudice.

## I.     Procedural History/Fails Claims

Mr. Fails indicates that he pled guilty to Issuing a bad check in Montana's Sixteenth Judicial District, Custer County, and was sentenced to 5-years at the Montana State Prison.  (Doc. 1 at 2-3.)  Written judgment was entered on October 20, 2017.  *Id*. at 2.  It appears Mr. Fails was granted parole on May 17, 2019.  See, (Doc. 2-1 at 2.)

According to Mr. Fails, he was arrested in Arizona on an active parole violation warrant; he waived extradition and was returned to Montana.  See, (Doc. 2 at 2.)  On June 18, 2021, he was informed of the alleged violations against him; on June 22, 2021, a parole revocation hearing was held.  *Id*.

Mr. Fails claims his right to due process was violated at the hearing because he was denied the right to confront his parole officer regarding a cashier's check he had provided her.  *Id*. at 3-4.  Mr. Fails maintains he still has not been credited with the amount provided in the cashier's check to resolve his debt with the Montana Department of Corrections. *Id*. at 3-4.  Mr. Fails further explains that an additional due process violation occurred when he was not present at a preliminary hearing held on March 26, 2021.  *Id*. at 6.  Finally, Mr. Fails claims he was unlawfully denied release on parole following a progress review on December 8, 2021, despite

his case manager providing a favorable parole plan, which included a clean disciplinary record, a suitable home plan, and gainful employment. *Id.* at 6-7.

Mr. Fails states he did not file a direct appeal, did not seek review of his sentence from the Montana Sentence Review Division, did not file a petition for postconviction relief, and did not seek state habeas corpus relief. (Doc. 1 at 3-4.) He asks this Court to provide any and all relief to which he is entitled under 28 U.S.C. § 2254. *Id.* at 7.

## II.    Exhaustion Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for

appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

This Court must dismiss a federal habeas corpus petition if its claims are unexhausted.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Further, this Court has the *sua sponte* authority to examine the question of exhaustion.  See e.g., *Campbell v. Crist*, 647 F. 2d 956, 957 (9th Cir. 1981).  Because Mr. Fails has not yet exhausted his available state court remedies, this Court cannot review the claim.  See, *Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Mr. Fails to return to this Court if and when he fully exhausts the claims relative to his current custody.

## III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Fails has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Fails' Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Fails may object to this Findings and Recommendation within 14 days.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Mr. Fails must immediately notify the Court of any change in his mailing

address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of March, 2022.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge