IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN DANIEL FAILS,<br><br>        Petitioner,<br><br>vs.<br><br>BOARD OF PARDONS AND PAROLE; JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>        Respondents. | Cause no. CV 21-94-H-BMM-KLD<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

      Petitioner John Daniel Fails ("Fails") filed this action against the Board of Pardons and Parole as well as the Attorney General of Montana under 28 U.S.C. § 2254, alleging various Due Process violations associated with his incarceration. (Doc. 1.) United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendations in this case on March 29, 2022. (Doc. 4.) Judge DeSoto recommended that this matter should be dismissed without prejudice for failure to exhaust Fails's available state court remedies. (Doc. 4 at 4.) Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Fails filed an objection to the Findings and Recommendations on April 10, 2022. (Doc. 5.) The Court reviewed

Judge DeSoto's Findings and Recommendations and adopts them in full for the reasons discussed below.

The Court reviews *de novo* those findings and recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Fails objects to Judge DeSoto's determination that Fails failed to exhaust his state court remedies. (Doc. 5 at 2.) Fails points to 28 U.S.C. § 2254(b) to argue that there are "absolutely no rights to appeal, grieve and/or challenge a decision by the Board of Pardons and Parole in the State of Montana for the parole revocation process." (Doc. 5 at 2.) Fails appears to disregard the available State remedies referenced by Judge DeSoto when making his argument. Judge DeSoto points out that "Mr. Fails did not file a direct appeal, did not seek review of his sentence from the Montana Sentence Review Division, did not file a petition for postconviction relief, and did not seek habeas corpus relief." (Doc. 4 at 3.)

Fails's objections otherwise advance the same arguments that he set forth previously and he has not yet made a substantial showing that he was deprived of a federal constitutional right. The Court reviewed Judge DeSoto's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error.

Accordingly, **IT IS ORDERED** that:

1. Judge DeSoto's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

2. Fails's Petition (Doc. 1) is **DISMISSED** without prejudice as unexhausted.

3. The Clerk of Court shall enter judgment of dismissal.

**DATED** this 3rd day of August, 2022.

Brian Morris, Chief District Judge
United States District Court